UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TASHAWNA H.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**DECISION AND ORDER**

1:20-cv-0380 (JJM)

---

        This is an action brought pursuant to 42 U.S.C. §1383(c)(3) to review the final determination of the Commissioner of Social Security that plaintiff was not entitled to supplemental security income ("SSI"). Before the court are the parties' cross-motions for judgment on the pleadings [9, 10].[2] The parties have consented to my jurisdiction [12]. Having reviewed their submissions [9, 10, 11], this matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## BACKGROUND

        The parties' familiarity with the 1,030-page administrative record ([6]) is presumed. Further, the parties have comprehensively set forth in their papers the plaintiff's treatment history and the relevant medical evidence. Accordingly, I reference below only those facts necessary to explain my decision.

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only the first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination (upper right corner of the page).

Plaintiff filed for benefits in October 2015, when she was 20 years old, alleging a disability beginning on February 8, 2014, due to a back injury, a learning disability, and breathing problems. Administrative Record [6], pp. 302, 306. The alleged onset date was later amended to July 6, 2016 by consent. Administrative Record [6], p. 152.

Plaintiff's claim was initially denied. Id., p. 198. An administrative hearing was held on November 29, 2018 before Administrative Law Judge ("ALJ") Jonathan P. Baird. Id., pp. 148-179 (transcript of hearing). Plaintiff, who was represented by an attorney, testified along with a vocational expert. Id., pp. 153-78. On January 18, 2019, ALJ Baird issued a decision finding that plaintiff was not disabled. Id., pp. 12-25. In reaching that determination, he found that plaintiff's severe impairments were learning disability, borderline intellectual functioning, anxiety disorder, depressive disorder, loss of lordosis of the cervical spine, disc bulging of the lumbar spine at multiple levels with radiculopathy, and obesity. Id., p. 15.[3]

ALJ Baird ultimately concluded that plaintiff was not disabled pursuant to the Social Security Act from July 6, 2016 through the date of his decision. Id., p. 24. He found that the plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 416.967(b), with the following additional limitations:

> "She can climb ladders, ropes, scaffolds, ramps, and stairs no more than occasionally. In addition, she can perform stooping, kneeling, crouching, and crawling maneuvers no more than frequently. She can perform reaching, handling, and fingering frequently. Additionally, she is limited to performing simple, routine, and repetitive tasks, but can never understand, remember, or carry out detailed instructions. Her work must be in a 'low stress' setting defined as no more than occasional decision-making and no more than occasional changes in work setting. She cannot perform any production rate or pace work. The claimant can tolerate no more than occasional interaction with co-workers and the public.

---

[3] ALJ Baird found that plaintiff's asthma and left knee pain were not severe impairments. Id., p. 15. The plaintiff does not challenge these findings.

-2-

>Furthermore, she will be off-task five percent of the day beyond regular breaks."

Id., pp. 17-18.

Plaintiff argues that the ALJ Baird's RFC is not supported by substantial evidence. With respect to the functional limitations assessed by ALJ Baird, plaintiff argues that ALJ Baird improperly relied upon information in a treatment note from treating physician Christine Cameron, M.D., made factual errors in his analysis that demonstrate his faulty reasoning, and failed to provide good reasons for rejecting the opinion of Cameron B. Huckell, M.D. Id., pp. 12-20. Moreover, plaintiff argues that, because ALJ Baird assigned only "some" weight to the opinion of consultative examiner Donna Miller, D.O., his conclusions concerning plaintiff's functional limitations were based on his own lay interpretation of the medical evidence, rather than upon any medical opinion concerning plaintiff's functional limitations. Id., pp. 20-23. Plaintiff argues further that the non-functional limitations that ALJ Baird incorporated into the RFC were unsupported by any medical evidence in the record, and that the ALJ erred when he failed to develop the record with plaintiff's mental health treatment records. Id., pp. 23-29. Finally, plaintiff argues that, given the ALJ's failure to develop the record, he erred by relying upon the lack of evidence in the record to support his credibility determination. Id., pp. 29-30.

I agree that this matter must be remanded for further development of the record with plaintiff's mental health treatment records. Accordingly, I remand this matter for further proceedings consistent with my analysis, below.

# ANALYSIS

## A. Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

## B. Did ALJ Baird Fail to Develop the Record with Plaintiff's Mental Health Records?

It is well settled that "[t]he claimant has the general burden of proving that he or she has a disability within the meaning of the Act . . . . However, because a hearing on disability benefits is a nonadversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotations and alterations omitted). "In fact, where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history". Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). "This duty exists even when the claimant is represented by counsel". Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). "The ALJ's duty to develop the record is also heightened where mental conditions are present." Martin v. Colvin, 2017 WL 370809, *3 (W.D.N.Y. 2017).

Where an ALJ fails to develop adequate medical evidence, courts in this district have not hesitated to remand for further development of the record. In Martin, supra, the record contained mental health treatment notes from a counselor, LMSW Crimmins, but no treatment records from plaintiff's treating psychiatrist, Dr. Gupta. The plaintiff was unrepresented at the hearing level. The court remanded the case for further development of the record:

> The letters submitted by Dr. Gupta and LMSW Crimmins indicate that plaintiff was seen on a consistent, bi-monthly basis by Dr. Gupta, who prescribed and managed plaintiff's antipsychotic medications. Yet, no treatment records from Dr. Gupta appear in the record. The Court agrees with plaintiff that this obvious gap in the record triggered the ALJ's heightened duty to fully develop the record as it pertained to plaintiff's mental health condition.

Id. at *3-4. Whether an ALJ has adequately discharged his or her duty is fact specific. In some cases, where the record contains no substantive gaps, an ALJ discharges his duty when he holds open the record to enable the plaintiff's attorney to submit additional records. In Moody v. Commissioner, 2021 WL 2137664 (2d Cir. 2021) (Summary Order), for example, the Second Circuit agreed that the ALJ adequately developed the record when, *inter alia*, he "provided [plaintiff's] counsel with additional time to supplement the record after the first hearing". Id., p. *2. The District Court's opinion demonstrates that there was no gap in the administrative record that the ALJ was obligated to fill:

> "Although Plaintiff points to evidence that *might* exist and *might* hypothetically be available, the record demonstrates that the ALJ took reasonable efforts to complete the administrative record and there are no substantive gaps in the administrative record that would require remand for further development. At the first hearing, the ALJ noted that the record appeared to be incomplete, and then asked several questions to determine which evidence might be missing, identifying several records. . . . The ALJ agreed to hold the record open to allow Plaintiff's attorney to obtain the additional records . . . and then held a second hearing after the records [had] been submitted . . .. Prior to, during, and after the second hearing, neither Plaintiff nor his attorney identified any

> records that might be missing; and did not inform the ALJ that they
> were having difficulty obtaining any records, or that they needed
> assistance to obtain missing records. Nor has Plaintiff obtained
> and submitted any allegedly missing evidence to the Court."

Moody v. Commissioner, No. 6:19-cv-6168-DB, at 13 (W.D.N.Y. June 18, 2020). *See also* Lawrence v. Berryhill, 2019 WL 2521181, *5 (W.D.N.Y. 2019) (holding there was no gap in the record that the ALJ was obligated to fill where the plaintiff's attorney was in possession of the missing MRI report at the hearing before the ALJ, and the ALJ instructed plaintiff's attorney at the hearing to promptly submit any additional record that the attorney wished the ALJ to consider).

Where there is a gap in the record, however, "an ALJ is expected to make every reasonable effort to fully and fairly develop the record, taking into account the circumstances of the case". Harris o/b/o N.L.K. v. Berryhill, 293 F.Supp.3d 365, 369 (W.D.N.Y. 2018). This remains the case even where an ALJ has permitted the plaintiff's attorney an opportunity to submit additional records, but the attorney fails to do so:

> "Even though ALJ O'Brien gave plaintiff's counsel an opportunity
> [to] submit Dr. Cui's remaining records, the approximately *two
> years* of missing records, from the period immediately preceding
> Dr. Cui's May 21, 2015 assessment of plaintiff's limitations, were
> plainly material to ALJ O'Brien's conclusion that Dr. Cui's
> assessment was 'not consistent with . . . [his] treatment notes'. . . .
> Under these circumstances, I cannot conclude that ALJ O'Brien
> fulfilled her obligation to develop the record."

Jaeger-Feathers v. Berryhill, 2019 WL 666949, *3 (W.D.N.Y. 2019).

Here, the record is similarly deficient. At the hearing, the plaintiff testified that she was treating with a mental health provider at ECMC. Administrative Record [6], pp. 158, 164. A gap existed in the record concerning plaintiff's mental health treatment. Plaintiff testified in November 2018 that she was receiving mental health treatment, but the last mental

health treatment note in the record is from August 24, 2016. See id., pp. 933-34. Plaintiff's attorney sent two letters to the SSA identifying ECMC as plaintiff's treating mental health provider and alerting the SSA to the importance of those records. See id., pp. 397, 399. In addition, plaintiff's attorney stated at the hearing that he requested these records. Id., pp. 1551-52. ALJ Baird left the record open for two weeks after the hearing for the express purpose of obtaining the ECMC records. Id., pp. 152, 178-79. Moreover, when asked why she was unable to work, plaintiff first identified her mental health conditions:

> "Q. Okay. What problems are you going through today that you think make you unable to work?
>
> A. I really get anxiety a lot, mostly when it's around a lot of people. . . . when it's time for me to perform an activity or something like that I will freeze up and get really nervous, and I feel like I get frustrated and can't comprehend certain things."

Id., p. 158. However, the record does not contain the ECMC records of plaintiff's mental health treatment. Nor does the record contain any evidence that ALJ Baird followed up with plaintiff's attorney concerning the records or that he requested them himself.

Despite the fact that ALJ Baird knew of the importance of plaintiff's mental health records to her claim of disability due to mental health conditions, and his failure to request the records, he nonetheless cited the lack of treatment as a reason to discount her claims of disabling mental health symptoms:

> "Turning to the claimant's mental impairments, <u>the lack of treatment for her symptoms</u> does not support the extent of her allegations. She has complained about experiencing anxiety related symptoms, including nervousness, which is consistent with her previous reporting. The claimant has also endorsed experiencing some panic attacks, but the frequency of her attacks are inconsistent with her prior reports of having one a week. Thus, <u>her lack of behavioral health treatment in the record</u> and her inconsistent statements regarding the frequency of her panic

> attacks are not entirely consistent with the severity of her allegation."

Id., pp. 20-21 (emphasis added). It is a legal error for an ALJ to rely upon the lack of evidence in the record where the record is equally clear that evidence exists, but the ALJ failed to obtain it:

> "The ALJ relied on the lack of evidence before him to conclude that [plaintiff] was not disabled . . . but evidence before him pointed to other relevant evidence that might contradict that finding. The ALJ therefore abused his discretion by not developing the record . . . Therefore, this case is remanded for the ALJ to consider [plaintiff's] claim in light of all the relevant evidence."

Candelaria o/b/o J.L.G.L. v. Commissioner, 2019 WL 4140937, *6 (W.D.N.Y. 2019). Here, this matter must be remanded for the same reason. ALJ Baird erred when he relied upon the lack of evidence of mental health treatment to support the nonexertional portions of the RFC when he was aware that other material evidence existed. Accordingly, this matter is remanded for the ALJ to obtain and consider plaintiff's ECMC mental health treatment records.

**C.      Is the Physical RFC Supported by Substantial Evidence?**

It is well settled that the RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision" and an ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole". Matta v. Astrue, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (Summary Order). *See also* Young v. Berryhill, 2018 WL 2752443, *2 (W.D.N.Y. 2018) ("[i]t is well settled that an ALJ need not adopt one or more medical opinions verbatim in order to render a sufficiently-supported RFC determination"). "The question is, instead, whether the ALJ's conclusion was 'supported by the record as a whole.'" Nieves v. Commissioner of Social Security, 2019 WL 4565112, *4 (S.D.N.Y. 2019) (*quoting* Tricarico v. Colvin, 681 Fed. Appx. 98, 101 (2d Cir. 2017) (Summary

Order)). Even where the record does not contain a functional assessment, the RFC may survive the court's scrutiny so long as the record contains sufficient evidence to support it. "It is not *per se* error for an ALJ to make the RFC determination absent a medical opinion, and remand is not necessary where 'the record contains sufficient evidence from which an ALJ can assess the [plaintiff]'s [RFC].'" Williams v. Colvin, 2016 WL 2640349, *3 (W.D.N.Y. 2016) (*quoting* Tankisi v. Commissioner of Social Security, 521 Fed. Appx. 29, 34 (2d Cir. 2013) (Summary Order)). *See also* Corbiere v. Berryhill, 760 Fed. Appx. 54, 57 (2d Cir. 2019) (Summary Order) (treatment records indicating that the plaintiff could "stand and walk without difficulty" and had "full lower extremity strength" constituted substantial evidence for the RFC that plaintiff had the capacity to perform sedentary work).

Here, there is no gap in the medical evidence concerning plaintiff's physical conditions. Moreover, for the reasons stated in the Commissioner's brief ([10-1], pp. 8-14), I find that ALJ Baird's analysis of the opinions of Drs. Cameron, Huckell and Miller was both adequate and appropriate, and that the physical limitations that ALJ Baird incorporated into the RFC are supported by substantial evidence. Because remand is necessary, and because information in the plaintiff's mental health treatment records may affect ALJ Baird's assessment of plaintiff's credibility, I do not reach plaintiff's remaining argument. *See* Stack v. Commissioner, 2020 WL 5494494, *6 (W.D.N.Y. 2020) ("[b]ecause the Court has determined that remand is warranted on this basis, it need not reach plaintiff's remaining arguments").

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [9] is granted to the extent that this matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order, and is otherwise denied. Accordingly, the Commissioner's motion for judgment on the pleadings [10] is denied.

**SO ORDERED**.

Dated: July 6, 2021

/s/     Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge